# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EUGENE McALLISTER, | ) |
| Petitioner, | ) |
| v. | ) No. 4:16CV558 RLW |
| MICHAEL BOWERSOX, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion for Discovery pursuant to Rule 6 of the Rules Governing § 2254 Cases (ECF No. 8). For the reasons set forth below, the Court will deny Petitioner's motion.

## Background

Petitioner Eugene McAllister was convicted of two counts of first-degree assault on a law enforcement officer, two counts of armed criminal action, and one count of unlawful use of a weapon by discharging a firearm from a motor vehicle. After exhausting his state appellate and post-conviction remedies, Petitioner filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in federal court. In the present motion, Petitioner seeks discovery of the 911 dispatch call; dispatch transcripts and audio recording of the vehicle pursuit; all Computer Aided Dispatch (CAD) reports; and all dash camera video recording of the pursuit involving Petitioner. Petitioner claims that the requested discovery is in the custody and control of The St. Louis County Police Department and the Ferguson Police Department. He states that said discovery contains exculpatory evidence.

## Legal Standards

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, Rule 6(a) of the Rules Governing § 2254 Cases allows a judge, for good cause, to "authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a), Rules Governing § 2254 Cases. Under Rule 6(b), "a party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any documents." Rule 6(b), Rules Governing § 2254 Cases. When addressing a motion for discovery, "a habeas court must identify the 'essential elements' of the petitioner's substantive claim . . . [and] evaluate whether 'specific allegations . . . show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004) (quoting *Bracy*, 520 U.S. at 904 & 908-09). A petitioner's factual allegations may not be speculative or conclusory, and "Rule 6 does not authorize fishing expeditions." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000).

In addition, a petitioner must satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under 28 U.S.C. § 2254(d):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted . . . unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) & (2). In *Cullen v. Pinholster*, the United States Supreme Court clarified that "[a]lthough state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so." 563 U.S. 170, 186 (2011). Instead, the Supreme Court held "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* at 181. The *Pinholster* court reasoned, "[t]his backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.*, the record before the state court." *Id.* at 182.

Thus, where a prisoner failed to develop facts in the state court proceedings, a federal court may not consider new evidence unless the petitioner meets the requirements of § 2254(e)(2). *Id.* at 185-86. This provision states that a federal court shall not hold an evidentiary hearing on a habeas petition unless the petitioner shows that the claim relies on a new rule of constitutional law or a factual predicate that could not have been discovered through due diligence, and that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). "Provisions like §§ 2254(d)(1) and (e)(2) ensure that '[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.'" *Pinholster*, 563 U.S. at 186 (quoting *Williams v. Taylor*, 529 U.S. 420, 437 (2000)). Although *Pinholster* pertains to evidentiary hearings in habeas cases, federal courts in this district have applied the same analysis to requests for discovery. *See, e.g., Foster v. Cassady*, No. 4:15-CV-225-CAS-SPM, 2016 WL 3511726, at *1-2 (E.D. Mo. Apr. 1, 2016) (applying *Pinholster* to petitioner's second motion to authorize discovery); *Greenlee v. Wallace*,

No. 4:13-CV-1922 (CEJ), 2015 WL 847489, at *1-2 (E.D. Mo. Feb. 26, 2015) (noting that the *Pinholster* analysis applies to requests to take discovery and to expand the record).

## Discussion

In the instant case, Petitioner requests discovery of the 911 dispatch call; dispatch transcripts and audio recording of the vehicle pursuit; all Computer Aided Dispatch (CAD) reports; and all dash camera video recording of the pursuit involving Petitioner. However, the Court finds that Petitioner has failed to establish good cause required by Rule 6 of the Rules Governing Habeas Cases or by § 2254.

Petitioner asserts that he tried to obtain the records through other channels, including through his appellate and post-conviction counsel. He claims that the evidence is relevant to show that shots were not fired from his car during pursuit by the police. However, the Court finds that this allegation is insufficient to constitute good cause. In his Petition, Petitioner claims that "the evidence did not prove beyond a reasonable doubt that petitioner attempted to kill or cause serious physical injury to both officers by shooting one shot from a revolver pointed towards their patrol car." (Pet. p. 6, ECF No. 1) This claim was adjudicated on the merits by the state court, and under § 2254(d)(1), this Court's review is restricted to the record that was before the state courts. *Greenlee*, 2015 WL 847489, at *2.

Petitioner also claims that trial and appellate counsel were ineffective for not obtaining police dispatch tapes. (Pet. p. 9) While it appears Petitioner did not raise this claim in his post-conviction appeal, the conclusory allegations that evidence of the dispatch tapes would exonerate Petitioner are insufficient to demonstrate that additional discovery is warranted. Further, the evidence which Petitioner seeks "could have previously been discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2). Instead, Petitioner seeks to reopen and re-litigate his

state court case, which he may not do. *See Chatman v. Steele*, No. 4:08CV1656 DDN, 2009 WL 5030784, at *10 (E.D. Mo. Dec. 14, 2009) (finding that petitioner's motions for 911 recordings and police reports "sought to reopen the record of the state court decisions in his case"). The Court therefore finds that the state court record as filed by Respondent in this case "is sufficient to fully consider all of the grounds for habeas relief." *Id.*

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Discovery pursuant to Rule 6 of the Rules Governing § 2254 Cases (ECF No. 8) is **DENIED**.

Dated this 15th day of February, 2017.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**