UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE MCALLISTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16cv558 RLW |
| | ) | |
| DAN REDINGTON,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Eugene McAllister for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1) The Petition is fully briefed and ready for disposition.

### I. Procedural History

Petitioner Eugene McAllister ("Petitioner" or "McAllister") is currently incarcerated at the Northeast Correctional Center ("NECC") located in Bowling Green, Missouri pursuant to the judgment and sentence of the Circuit Court of St. Louis County, Missouri. (Resp't's Ex. 3 pp. 42-46, ECF No. 10-5) On February 28, 2012, a jury found Petitioner guilty of two counts of first degree assault on a law enforcement officer, two counts of armed criminal action, and one count of unlawful use of a weapon by discharging a firearm from a motor vehicle. (*Id.* at pp. 35-39, 42-43) On April 26, 2012, the court sentenced him to concurrent terms of 20 years'

---

[1] On June 21, 2019, Petitioner notified the Court of a change of address to a new facility. Dan Redington is the warden of the Northeast Correction Center, where Petitioner is now housed. Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "the petition must name as respondent the state officer who has custody." Therefore, Dan Redington's name is substituted as the named respondent in this action. Future pleadings shall reflect this change in the caption.

imprisonment on each of the assault and armed criminal action counts, and a concurrent term of 15 years on the discharging a weapon from a motor vehicle count. (*Id.* at pp. 44-45) Petitioner filed a direct appeal, and on May 28, 2013, the Missouri Court of Appeals affirmed the judgment of the trial court.[2] (Resp't's Ex. 7, ECF No. 10-9) Petitioner then filed a *pro se* Motion to Vacate, Set Aside, or Correct Judgment or Sentence pursuant to Missouri Supreme Court Rule 29.15 on July 3, 2013. (Resp't's Ex. 9 pp. 4-41, ECF No. 10-11) Appointed counsel filed an amended Rule 29.15 motion on September 21, 2013. (*Id.* at pp. 48-62) On May 13, 2014, the motion court denied Petitioner's motion for post-conviction relief. (*Id.* at pp. 66-77) The Missouri Court of Appeals affirmed the judgment of the motion court in a decision dated August 25, 2015. (Resp't's Ex. 12, ECF No. 10-14) On April 20, 2016, Petitioner filed the present petition for habeas relief in federal court. (ECF No. 1)

## II. Factual Background[3]

On January 26, 2011, St. Louis police officer attempted to pull over a gray Dodge Stratus ("vehicle") pursuant to a traffic violation. The vehicle sped away on the wrong side of the road, and Officers Joseph Percich and Derik Jackson were dispatched to assist in the vehicle pursuit. The vehicle took a ramp, and as the officers proceeded behind, passengers in the rear seats raised themselves outside the windows and pointed handguns at the officers' car. Officer Percich identified McAllister as the individual on the rear driver's side. In addition, Officer Percich testified at trial the he saw McAllister fire one round from the revolver at the police car. Officer Jackson distinctly heard one shot fired at the police car, but both officers testified that more

---

[2] The opinion of the Missouri Court of Appeals has been published at *State v. McAllister*, 399 S.W.3d 518 (Mo. Ct. App. 2013).
[3] The Court sets forth the facts as stated in the Missouri Court of Appeals' opinion. (Resp't's Ex. 7, ECF No. 10-9)

2

rounds could have been fired in rapid succession. When the vehicle finally came to a stop, the officers observed McAllister in the backseat with the grip of the handgun between his legs. The gun, a Smith & Wesson revolver, remained on the seat where McAllister had been sitting and contained five empty cartridges.

### III. Petitioner's Claims

In his Petition, McAllister raises five grounds for federal habeas relief. These grounds are as follows:

(1) The evidence was insufficient to convict Petitioner of two counts of assault on a law enforcement officer and two counts of armed criminal action because Petitioner only discharged one shot at the police car;

(2) Trial counsel was ineffective for failing to request lesser included offense instructions for second-degree assault on a law enforcement officer;

(3) Trial counsel was ineffective for failing to obtain police dispatch tapes;

(4) Trial counsel was ineffective for failing to call Petitioner's co-defendants as witnesses; and

(5) Post-conviction counsel was ineffective for failing to raise a claim in the amended post-conviction motion that the prosecutor knowingly used perjured testimony at trial.

### IV. Legal Standards

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. *Owens v. Dormire*, 198 F.3d 679, 681 (8th Cir. 1999). "[A] district court shall entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, a federal court may not grant

3

habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Owens*, 198 F.3d at 681 (quoting 28 U.S.C. § 2254(d)(1)). Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). *See also Gee v. Groose*, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). With regard to the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *see also Bucklew v. Luebbers* 436 F.3d 1010, 1016 (8th Cir. 2006); *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006). In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Williams*, 529 U.S. at 411.

To preserve a claim for federal habeas review, a petitioner must present the claim to the state court and allow that court the opportunity to address petitioner's claim. *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citation omitted). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are

4

procedurally defaulted." *Id.* A federal court will consider a defaulted habeas claim "only where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id.*

## V. Discussion

In the instant case, Respondent asserts that all the claims are without merit. Further, Respondent contends that two of Petitioner's claims are procedurally barred from federal habeas review because Petitioner failed to pursue the claims in state court, and one claim is non-cognizable.

### A. Claim One

Petitioner first claims that the evidence was insufficient to convict Petitioner of two counts of assault on a law enforcement officer and two counts of armed criminal action because Petitioner only discharged one shot at the police car. On direct appeal, Petitioner claimed that the trial court erred in entering judgment on the verdict because there was insufficient evidence to support a conviction for felony assault and armed criminal action with respect to Officer Jackson, who was the passenger in the pursuing police vehicle. He did not challenge the sufficiency of the evidence with respect to the driver of the police vehicle, Officer Percich. Petitioner argued that the evidence failed to show he had specific intent to kill or cause serious injury to Officer Jackson and instead demonstrated that he was not aiming at Officer Jackson. The Missouri Court of Appeals thoroughly addressed the claim and found:

> A person commits the class A felony of assault of a law enforcement officer in the first degree when such person "attempts to kill or knowingly causes or attempts to cause serious physical injury to a law enforcement officer." Section 565.081, RSMo (Cum. Supp. 2012). Accordingly, a person also commits the felony of armed criminal action when such person commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon. Section 571.015.1, RSMo (2000).

A defendant will be found guilty of first-degree assault of a law enforcement officer when, with the purpose of committing that offense of attempting to kill or cause serious physical injury, he takes a substantial step toward committing it. *State v. Whalen*, 49 S.W.3d 181, 186 (Mo. banc 2001). Substantial step is defined as "conduct [that] is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." *State v. Williams*, 126 S.W.3d 377, 381 (Mo. banc 2004) (citation omitted). To act with purpose is to have a conscious object to engage in certain conduct or to cause a certain result. *Bryant v. State*, 316 S.W.3d 503, 509 (Mo. App. E.D. 2010). Accordingly, a conviction for assault on a law enforcement officer requires proof of specific intent to kill or to cause serious physical injury. *Id.* Mere speculation as to a defendant's intent without more is not enough. *See State v. Keeler*, 856 S.W.2d 928, 931 (Mo. App. S.D. 1993).

Specific intent is generally shown through circumstantial evidence. *State v. Mann*, 129 S.W.3d 462, 467 (Mo. App. S.D. 2004). Intent may be inferred from surrounding facts, such as the type of weapon used, the manner and circumstances under which it was used, and other relevant factors. *State v. Burse*, 231 S.W.3d 247, 252 (Mo. App. E.D. 2007).

Here, during the chase, McAllister fired the revolver from the left side of the Dodge Stratus at the police vehicle on the ramp between 270 and 170. He concedes on appeal it was reasonable to infer that his shot endangered the driver, Officer Percich. Officer Percich testified he tried to move the police vehicle out of the way of the shot, but, because they were on a ramp, there was nowhere to go. These facts give rise to a reasonable inference that McAllister took a substantial step towards inflicting serious injury on both officers. Even if, as he contends, McAllister fired only one shot, he was aware he was firing at the driver of a vehicle carrying two people. Evidence of a single gunshot can support multiple convictions for assault if the shooter was aware of multiple targets. *See Whalen*, 49 S.W.3d at 187; *cf. State v. Stewart*, 859 S.W.2d 913, 914, 920 (Mo. App. E.D. 1993) (affirming conviction for felony assault on passenger of car who was injured when vehicle crashed after driver was fatally shot). Common sense dictates that firing a bullet at the driver of a vehicle on a highway creates a high likelihood that both people inside the vehicle will be injured or killed. That the events took place on a ramp where they could not evade the path of the bullet increases this likelihood even further.

Moreover, although McAllister contends the evidence showed he only fired the weapon once, the transcript does not unequivocally support his contention. Both Officers Percich and Jackson testified they definitely heard one shot, but recognized McAllister could have fired multiple shots in rapid succession. Further, when the weapon was recovered, it contained five empty cartridges. We view the evidence and inferences therefrom in a light most favorable to the verdict. *State v. Beam*, 334 S.W.3d 699, 707 (Mo. App. E.D. 2011). The jury could have inferred from the testimony and physical evidence that McAllister fired multiple shots, and we defer to the jury's superior position to assess the credibility of witnesses and the weight and value of their testimony. *See State v. Fleis*, 319 S.W.3d 504, 508 (Mo. App. E.D. 2010). Intentionally discharging a weapon in the proximity of a police officer

> is illustrative of a decision to take a substantial step toward injuring the law enforcement officer. *Burse,* 231 S.W.3d at 252. Evidence of multiple shots fired in the proximity of a police officer could allow a reasonable juror to find McAllister guilty beyond a reasonable doubt of all the essential elements of the crime. *See Gibbs,* 306 S.W.3d at 181; *see also* Section 565.081.
>
> The State's evidence was sufficient to support both convictions of assault of a law enforcement officer and ACA, and the trial court did not err in entering judgment upon the jury's verdict.

*State v. McAllister,* 399 S.W.3d 518, 521–22 (Mo. Ct. App. 2013).

The Court finds that the decision of the Missouri Court of Appeals was not contrary to, nor an unreasonable application of clearly established federal law. In reviewing a sufficiency of the evidence claim, federal scope of review is extremely limited. *Sera v. Norris,* 400 F.3d 538, 543 (8th Cir. 2005) (citation omitted). The relevant question is not whether this Court believes the trial evidence established guilt beyond a reasonable doubt but "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)); *see also Cavazos v. Smith,* 565 U.S. 1, 2 (2011) ("it is the responsibility of the jury – not the court – to decide what conclusions should be drawn from evidence admitted at trial.").

As stated above, the evidence shows that Petitioner fired a revolver from the left side of the Dodge Stratus at the police car. The Missouri Court of Appeals determined that the facts of the case gave rise to a reasonable inference that Petitioner took a substantial step towards inflicting serious injury on both police officers, as Petitioner was aware that the vehicle carried two people. Evidence that a defendant was aware of a group's presence in his line of fire is sufficient to support a conviction of assault in the first degree. *State v. McCrady,* 364 S.W.3d 709, 712 (Mo. Ct. App. 2012). Further, evidence at trial showed that both officers definitely

heard one shot but recognized that Petitioner could have fired multiple shots in rapid succession. Additionally, the recovered handgun contained five empty cartridges. As stated by the Missouri Court of Appeals, the jury could have inferred from the testimony and physical evidence at trial that Petitioner filed multiple shots at the police officers. *McAllister*, 399 S.W.3d at 522.

The Court finds that despite the existence of some conflicting evidence, the trier of fact resolved the conflicts, weighed the evidence, and drew reasonable inferences from the facts. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution." *Id.* (emphasis in original). In short, the Court finds that, in light of the evidence in the record, any rational trier of fact could have found beyond a reasonable doubt that Petitioner committed assault and armed criminal action against both law enforcement officers. *Sera*, 400 F.3d at 543. Petitioner has failed to present clear and convincing evidence sufficient to overcome the presumption of correctness given to state court findings of fact. 28 U.S.C. § 2254(e)(1). Therefore, the Court finds that Petitioner's claim of insufficient evidence lacks merit.

### B. Claim Two

Petitioner next claims that trial counsel was ineffective for failing to request lesser included offense instructions for second-degree assault on a law enforcement officer. Petitioner raised this claim in his Rule 29.15 motion for post-conviction relief and on post-conviction appeal. (Resp't's Ex. 9 pp. 49-53; Resp't's Ex. 12) The Missouri Court of Appeals held that trial counsel exercised reasonable trial strategy for defense counsel to decide not to request a second-degree assault of a law enforcement officer. Specifically, the appellate court found:

To be entitled to post-conviction relief based on a claim of ineffective assistance of counsel, a movant must show by a preponderance of the evidence that: "1) counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances, and 2) counsel's deficient performance prejudiced him." Worthington v State, 166 S.W.3d 566, 573 (Mo. banc 2005), citing Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

"To establish a claim of ineffective assistance of counsel for failure to request a lesser included offense instruction, a movant must show that the evidence would have required submission of a lesser included offense instruction had one been requested, that the decision not to request the instruction was not reasonable trial strategy, and that the movant was thereby prejudiced." Jackson v. State, 205 S.W.3d 282, 285 (Mo. App. E.D. 2006).

Defense counsel's conduct is presumed to fall within the wide range of professionally reasonable trial strategy. Smith v. State, 774 S.W.2d 562, 564 (Mo. App. E.D. 1989). To prove prejudice, a movant must show a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different. Worthington, 166 S.W.3d at 573. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id., quoting Middleton v. State, 103 S.W.3d 726, 733 (Mo. banc 2003).

Movant has failed to demonstrate that defense counsel's decision not to request a second-degree assault of a law enforcement officer instruction based on Section 565.082.1(6) was not reasonable trial strategy. It is clear from the instruction conference that defense counsel considered whether an instruction for second-degree assault should be submitted and rejected the instruction because she believed tendering such an instruction was not in Movant's best interest and would be inconsistent with their theory of defense. Counsel specifically stated she was concerned about confusing the jury and "muddy[ing] the water" because "I think either they believe a shot was fired at the officers or they don't at this point."

Counsel's theory of defense, as clearly articulated in her closing argument, was that Movant did not shoot the gun at all and, alternatively, if the jury believed Movant did fire the weapon, he did not do so with the purpose of causing death or serious physical injury. Counsel argued the State failed to demonstrate the requisite intent, arguing at length that any alleged shot could have been fired accidently given the circumstances.

In his post-conviction motion, Movant contends his newly proposed instruction based upon Section 565.082.1(6) would have supported counsel's theory of defense that Movant fired merely a warning shot at the officer. In support, Movant relies on two isolated sentences, taken out of context, from counsel's closing statements. When read in context, the segments relied upon by Movant were clearly intended to discredit the State's argument that Movant could have intended

to kill both officers by firing a single bullet, and were seeking a not guilty verdict on at least one of the assault and armed criminal action charges on that basis.

A complete review of the defense's closing argument demonstrates that counsel's primary argument was that Movant did not fire at the officers at all, and that if he did, the shot was fired accidentally. Contrary to Movant's assertion, counsel repeatedly argued Movant did not intentionally fire the gun, as a warning shot or otherwise, as it would have been illogical for Movant to have tried to deter a single police car from pursuing him when he was being chased by twenty. Counsel's theory of defense was that the State failed to prove Movant fired the weapon and, in the event the jury believed Movant did fire the weapon, the State failed to meet its burden of proving Movant committed the act with the requisite intent to cause serious injury or death. Defense counsel's determination that a second-degree instruction would confuse the jury was reasonable in light of counsel's theory of defense.

Based on the foregoing, we find the motion court did not clearly err in denying Movant post-conviction relief without an evidentiary hearing based on trial counsel's decision not to request a second-degree assault instruction. Movant's point on appeal is denied.

(Resp't's Ex. 12 pp. 9-11)

To establish ineffective assistance of counsel, Petitioner must demonstrate that counsel's performance was "deficient" and that such deficient performance "prejudiced" his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Bucklew*, 436 F.3d at 1016 (citing *Strickland*, 466 U.S. at 689). The prejudice prong requires Petitioner to prove that but for counsel's deficiency, the outcome of his trial would have been different absent counsel's error. *Id.* at 694; *Bucklew*, 436 F.3d at 1016. In other words, Petitioner must demonstrate "that counsel's errors were so serious that they rendered the proceedings fundamentally unfair or the result unreliable." *Bucklew*, 436 F.3d at 1016 (citation omitted). The question of whether counsel's performance prejudiced the trial need not be addressed if counsel's performance was not deficient; conversely, a court need not reach the question of deficient performance where a petitioner has failed to

show prejudice. *Green v. Steele*, No. 4:04-CV-0610 CEJ TCM, 2007 WL 2199644, at *10 (E.D. Mo. July 27, 2007) (citations omitted).

As previously stated, habeas relief may not be granted unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Owens*, 198 F.3d at 681 (quoting 28 U.S.C. § 2254(d)(1)). "Therefore, we will not grant [petitioner's] habeas petition unless the state court's decision in this case was contrary to, or an unreasonable application of, the standard articulated by the Supreme Court in *Strickland*." *Id.*; *see also Bucklew*, 436 F.3d at 1016 (where state court correctly identifies *Strickland* as the controlling authority, federal courts "address whether the state court unreasonably applied that precedent and whether the state court unreasonably determined the facts in light of the evidence presented.").

Here, Petitioner has failed to demonstrate that trial counsel's performance was deficient and prejudiced the defense. While Petitioner contends his attorney should have requested a lesser included offense instruction on second-degree assault on a law enforcement officer, the record shows that defense counsel explicitly stated to the court that offering a lesser included offense instruction was not in her client's best interest. Specifically, defense counsel stated that the lesser offense was not the theory of defense. Counsel reasoned, "I believe it would actually confuse the jury more than help the jury, in that the only difference between this instruction and the one that's tendered by the State is the 'attempt to kill' language is out and 'serious' versus just regular 'physical injury'. I think they either believe a shot was fired at the officers or they don't at this point. I think it would just muddy the water, and so we're electing not to tender that instruction." (Resp't's Ex. 1b pp. 350-51, ECF No. 10-3) Further, the record shows that the

11

theory of defense was that Petitioner should be acquitted because he never fired a shot or, if he did fire, it was accidental. (*Id.* at pp. 365-78)

The Court finds that counsel exercised reasonable trial strategy such that she did not render ineffective assistance of counsel. Counsel reasonably determined that an instruction on second-degree assault of a law enforcement officer would confuse the jury and was inconsistent with the defense's argument that Petitioner did not fire a revolver at the police officers. "An objectively reasonable choice by counsel not to submit an instruction does not constitute ineffective assistance of counsel." *McCrady v. State*, 461 S.W.3d 443, 449-50 (Mo. Ct. App. 2015) (citation omitted) (finding counsel was not ineffective for failing to request a lesser offense instruction of second degree assault because it would have been inconsistent with the defense's theory that the defendant did not commit the shooting); *see also McNeal v. State*, 500 S.W.3d 841, 844 (Mo. 2016).

"Based on the foregoing and the other evidence of record, and considering defense counsel's conduct based on [her] perspective at the time, [the Court] find[s] that the strong presumption that defense counsel's performance 'falls within the wide range of reasonable professional assistance' is not overcome." *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004) (quoting *Strickland*, 466 U.S. at 689). Because counsel's performance was not deficient, the Court need not consider the prejudice prong of *Strickland. Id.* Thus, the Court finds that Petitioner has failed to demonstrate that trial counsel was ineffective, and this ground is denied on the merits.

### C. Claim Three

For Petitioner's third claim, he asserts that trial counsel was ineffective for failing to obtain police dispatch tapes. Petitioner claims that the tapes would have shown that the Officers

12

Percich and Jackson committed perjury as to what occurred during the police pursuit. Respondent contends that Petitioner procedurally defaulted on this claim because, although he did raise the claim in his motion for post-conviction relief, he did not raise the claim on post-conviction appeal. The record shows that post-conviction counsel raised this claim in the Rule 29.15 motion for post-conviction relief before the motion court. (Resp't's Ex. 9 pp. 50, 58-59) However, post-conviction appellate counsel did not raise the claim on appeal and instead raised only the issue of trial counsel's failure to request jury instructions on the lesser included offense of assault of a law enforcement officer in the second degree. (Resp't's Ex. 10 pp. 15-16, ECF No. 10-12)

"In Missouri, 'a claim must be presented at each step of the judicial process in order to avoid default.'" *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) (quoting *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir.1994) (internal quotation omitted)). A federal court is barred from considering procedurally defaulted claims unless a petitioner can show cause for the default and resulting prejudice, or actual innocence. *Bridwell v. Wallace*, No. 4:12-CV-01011-AGF, 2015 WL 5431947, at *6 (E.D. Mo. Sept. 15, 2015) (citation omitted).

Petitioner argues that ineffective assistance of counsel in the post-conviction proceedings establishes cause for his default on the claim of ineffective assistance of trial counsel regarding the failure to obtain police dispatch recordings. Respondent correctly notes that *Martinez*, the case upon which Petitioner relies, only applies to alleged ineffective assistance of counsel during initial review of collateral proceedings.

In *Martinez v. Ryan*, the United States Supreme Court held, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. 1, 9 (2012). When, as in Missouri,

13

> a State requires a prisoner to raise an ineffective-assistance- of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984).

*Id.* at 14. In addition, to overcome the procedural default, "a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.*

In the present case, Petitioner's appointed post-conviction counsel did raise the claim that trial counsel was ineffective for failing to obtain the police dispatch recordings. However, the claims were abandoned on appeal. Failure of postconviction appellate counsel preserve claims on appeal from a postconviction proceeding does not constitute cause for a procedural default. *Arnold*, 675 F.3d at 1087; *see also Bridwell*, 2015 WL 5431947, at *6 ("[F]or claims raised in the motion court but abandoned on appeal, ineffective assistance of postconviction appeal counsel does not constitute cause to excuse the procedural default."). Because that Petitioner's third claim is procedurally defaulted, and he is unable to demonstrate cause and prejudice, the Court denies that claim as procedurally barred from federal review.

### D. Claim Four

Next, Petitioner claims that trial counsel was ineffective for failing to call Petitioner's co-defendants as witnesses at trial. Petitioner contends that these co-defendants were willing to testify that the police officers' testimony was fabricated, and Petitioner was never in possession of a firearm. In response, Respondents assert that this claim is procedurally defaulted because post-conviction counsel chose not to include the claim in the amended motion for post-

conviction relief. Further, Respondent maintains that Petitioner is unable to show cause to excuse the default.

The record shows that Petitioner raised this claim in his *pro se* post-conviction motion. (Resp't's Ex. 9 pp. 6-9) However, court appointed counsel did not raise said claim in the amended motion. (*Id.* at pp. 48-62) In the amended motion, post-conviction counsel raised four claims of ineffective assistance of counsel: (1) failure to request jury instructions on the lesser included offense of assault on a law officer in the second degree; (2) failure to move to quash the venire panel based on highly prejudicial statements made by juror number 13; (3) failure to object to highly prejudicial evidence pertaining to a flourishing in the 200 block of North Florissant Road and failing to request a limiting instruction; and (4) failure to obtain the dispatch tapes pertaining to the incident. (*Id.* at pp. 49-50) Counsel did not include the claim that counsel was ineffective for failing to call Petitioner's co-defendants as witnesses at trial. Therefore, the claim is procedurally defaulted.

Petitioner argues, however, that he can overcome the procedural default by demonstrating cause and prejudice under *Martinez* due to post-conviction counsel's failure to advance the claim in Petitioner's amended motion for post-conviction relief. As stated above, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9.

To overcome Petitioner's procedural default, Petitioner must establish that counsel on collateral review was ineffective under *Strickland* and that the ineffective assistance of trial counsel claim is meritorious. The Court finds that Petitioner is unable to demonstrate cause sufficient to overcome the default. As stated above, to establish ineffective assistance of counsel, Petitioner must demonstrate that counsel's performance was "deficient" and that such

15

deficient performance "prejudiced" his defense. *Strickland*, 466 U.S. at 687. "Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Bucklew*, 436 F.3d at 1016 (citing *Strickland*, 466 U.S. at 689).

The Court finds that Petitioner is unable to establish that postconviction counsel's performance was deficient. In the amended Rule 29.15 motion, counsel raised four claims of ineffective assistance of trial counsel. "If, as with appellate counsel, 'one of [post-conviction] counsel's important duties is to focus on those arguments that are more likely to succeed, [then] counsel will not be held to be ineffective for failure to raise every conceivable issue.'" *Sutton v. Wallace*, No. 4:13-CV-1285, 2016 WL 4720452, at *10 (E.D. Mo. Sept. 9, 2016) (quoting *Link v. Luebbers*, 469 F.3d 1197, 1205 (8th Cir. 2006)). Only where stronger issues are ignored is a petitioner able to overcome the presumption of effective assistance of counsel. *Id.* (citations and quotations omitted).

The Court finds that postconviction counsel's decision to focus on the four claims set forth above was reasonable trial strategy. Petitioner makes no attempt to argue that the defaulted claim is stronger than those advanced by post-conviction counsel. *See Muhammad v. Cassady*, No. 4:13-CV-1816-SPM, 2016 WL 4493682, at *9 (E.D. Mo. Aug. 26, 2016) ("It appears that post-conviction counsel determined that the claims presented were the most meritorious claims and the ones that could be supported with evidence, and Petitioner offers no argument or evidence to overcome the presumption that counsel's decision to focus on these five claims was a reasonable strategy.").

In addition, the Court finds that the underlying defaulted claim of ineffective assistance of counsel is not substantial. "The selection of witnesses and evidence are matters of trial

strategy, virtually unchallengeable in an ineffective assistance claim." *Covington v. State*, 569 S.W.3d 469, 475 (Mo. Ct. App. 2018) (citation omitted). "'Decisions relating to witness selection are normally left to counsel's judgment, and this judgment will not be second-guessed by hindsight.'" *Forrest v. Steele*, 764 F.3d 848, 858 (8th Cir. 2014) (quoting *Hanes v. Dormire*, 240 F.3d 694, 698 (8th Cir.2001) (internal quotation omitted)).

Petitioner contends that his co-defendants would have testified that the officers' testimony that Petitioner was hanging out of the window and firing a weapon was fabricated and that Petitioner's co-defendant, not Petitioner, had possession of the gun. Petitioner alleges that this testimony would have changed the outcome of the trial. However, the Court finds that Petitioner is unable to meet his burden of showing that counsel was unreasonable in failing to call the co-defendants as witnesses. The record shows that Petitioner acknowledged, through counsel in closing statement, that he was hanging out the window with a weapon but either did not fire or fired the gun accidentally. (Resp't's Ex. 1b pp. 365-78) In addition, Petitioner's argument is inconsistent with his claim that there was insufficient evidence to support a first-degree assault on a law enforcement officer conviction with respect to Officer Jackson. In his reply brief, Petitioner acknowledges the evidence that he discharged one shot from a revolver pointed at the officers' car supported the assault charge as to Officer Percich but not Officer Jackson. (ECF No. 11 pp. 4-5)

Further, Petitioner merely offers speculation that his co-defendants would have offered testimony that the officers were lying, and Petitioner was neither hanging out the window, nor holding a gun. No independent information has been presented to this Court to support these speculative averments. To the contrary, the evidence and allegations in Petitioner's own habeas petition contradicts the alleged testimony that Petitioner's co-defendants would provide. On this

17

basis, Petitioner's claim of ineffective assistance of trial counsel with respect to counsel's conduct involving Petitioner's co-defendants must fail. *Deck v. Steele*, 249 F. Supp. 3d 991, 1029 (E.D. Mo. 2017) ("Prejudice cannot be found on speculation alone."). Thus, because Petitioner could not succeed on a claim that trial counsel was ineffective for failing to call Petitioner's co-defendants to testify at trial, post-conviction counsel was not ineffective for failing to bring this unsubstantial claim on post-conviction review. *Id.* In short, Petitioner has failed to demonstrate that that the procedurally defaulted ineffective assistance of counsel claim was substantial and that post-conviction counsel was deficient for failing to raise said claim. Therefore, Petitioner is unable to show cause for the procedural default on Claim Four under *Martinez*, and Claim Four is denied.

### E. Claim Five

Petitioner's fifth and final claim alleges that post-conviction counsel was ineffective for failing to raise a claim in the amended post-conviction motion that the prosecutor knowingly used perjured testimony at trial. The Respondent correctly asserts that claims of ineffective assistance of post-conviction counsel cannot be raised in a federal habeas petition. 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

Further, to the extent that Petitioner is attempting to raise a claim for prosecutorial misconduct, that claim is procedurally barred, as Petitioner did not raise the claim on direct appeal. "Prosecutorial misconduct claims, by contrast, can be brought up on direct appeal, and in fact are not cognizable in 29.15 motions." *Wilson v. Lewis*, No. 4:14 CV 72 RWS (JMB), 2016 WL 8652296, at *9 (E.D. Mo. Dec. 30, 2016), *report and recommendation adopted*, No.

4:14 CV 72 RWS, 2017 WL 1196476 (E.D. Mo. Mar. 31, 2017) (citing *Tisius v. State*, 183 S.W.3d 207, 212 (Mo. banc. 2006) ("A freestanding claim of prosecutorial misconduct is generally not cognizable in a Rule 29.15 proceeding")). The Court is therefore precluded from considering the merits of Petitioner's claims absent a showing of cause and prejudice. However, in his Petition and his Reply, Petitioner makes no argument that sufficient cause and prejudice exists to excuse the default. Therefore, the Court will deny Petitioner's fifth claim as procedurally defaulted.

Accordingly,

**IT IS HEREBY ORDERED** that that the Petition of Eugene McAllister for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that the Petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not issue a Certificate of Appealability. A separate judgment in accordance with this Order is entered on this same date.

Dated this 6th day of September, 2019.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**